# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

HEALTHCARE FACILITY MANAGEMENT LLC
d/b/a CommuniCare Family of Companies,

    Plaintiff,

           v.

MARY JHANE ENGNAN,

    Defendant.

Case No.  1:23-cv-246

Judge Michael R. Barrett

---

HEALTHCARE FACILITY MANAGEMENT LLC
d/b/a CommuniCare Family of Companies,

    Plaintiff,

           v.

ARMAN CANDELARIA,

    Defendant.

Case No.  1:23-cv-247

Judge Michael R. Barrett

---

HEALTHCARE FACILITY MANAGEMENT LLC
d/b/a CommuniCare Family of Companies,

    Plaintiff,

           v.

SHERRA MAY VEGA,

    Defendant.

Case No.  1:23-cv-248

Judge Michael R. Barrett

HEALTHCARE FACILITY MANAGEMENT LLC
d/b/a CommuniCare Family of Companies,

  Plaintiff,              Case No. 1:23-cv-249

    v.                 Judge Michael R. Barrett

JEDDALYN RAMOS,

Defendant.

---

HEALTHCARE FACILITY MANAGEMENT LLC
d/b/a CommuniCare Family of Companies,

  Plaintiff,              Case No. 1:23-cv-250

    v.                 Judge Michael R. Barrett

JEFFREY BANAYAT,

Defendant.

## **ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") filed in each of these five civil actions[1] by the Magistrate Judge on July 10, 2023.[2] Plaintiff HealthCare Facility Management LLC d/b/a CommuniCare Family of Companies ("CFC") (timely)[3] filed a partial objection.[4] No Defendant responded to CFC's partial objection

---

[1] Case No. 1:23-cv-246 (Doc. 18); Case No. 1:23-cv-247 (Doc. 18); Case No. 1:23-cv-248 (Doc. 16); Case No. 1:23-cv-249 (Doc. 15); Case No. 1:23-cv-250 (Doc. 16).

[2] Proper notice was given to the parties under 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. P. 72(b), including notice that they may forfeit rights on appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).

[3] Objections must be filed within 14 days after "being served" with an R&R. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

[4] Case No. 1:23-cv-246 (Doc. 20); Case No. 1:23-cv-247 (Doc. 20); Case No. 1:23-cv-248 (Doc. 18); Case No. 1:23-cv-249 (Doc. 17); Case No. 1:23-cv-250 (Doc. 18).

2

and the time to do so has passed.[5]

**Standard**.  When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Id.; *see also* 28 U.S.C. § 636(b)(1).

**Summary of the R&R.**  Pending in each of these five civil actions is CFC's unopposed Motion to Remand[6], which includes a request that the Court order payment of its fees and expenses pursuant to 28 U.S.C. § 1447(c).  CFC argues that the Notices of Removal are defective under 28 U.S.C. § 1446(b)(1) because they were not timely filed.  The Magistrate Judge agrees, noting that "the concurrent existence of federal jurisdiction was evident when this case was initiated[ ]" and, therefore, "28 U.S.C. § 1446(c)(1) offers no basis for extending [the] 30-day deadline for filing the Notice of Removal."[7]  Although she recommends that the Motions to Remand be granted, the Magistrate Judge does not recommend that the undersigned order the named Defendants to pay CFC's fees and expenses in connection therewith.

CFC "objects only to the disapproval of its request for attorney's fees and otherwise

---

[5] "A party may respond to another party's objections within 14 days after "being served" with a copy. Because Defendants—who ostensibly proceed pro se—were served by regular mail, 3 days are added to their deadline to object.  *See* Fed. R. Civ. P. 6(d).

[6] Case No. 1:23-cv-246 (Doc. 14); Case No. 1:23-cv-247 (Doc. 14); Case No. 1:23-cv-248 (Doc. 14); Case No. 1:23-cv-249 (Doc. 13); Case No. 1:23-cv-250 (Doc. 14).

[7] Case No. 1:23-cv-246 (Doc. 18 PAGEID 847); Case No. 1:23-cv-247 (Doc. 18 PAGEID 837); Case No. 1:23-cv-248 (Doc. 16 PAGEID 568); Case No. 1:23-cv-249 (Doc. 15 PAGEID 626); Case No. 1:23-cv-250 (Doc. 16 PAGEID 641).

3

requests that the Court adopt Magistrate Judge Bowman's R&R."[8]

**Analysis.** An order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)).[9]

"District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). "In general, objectively <u>un</u>reasonable removals should result in fee awards to plaintiff." Id. at 1060 (citing *Martin*, 546 U.S. at 141). "District courts should consider, however, whether 'unusual circumstances warrant a departure from the rule in a given case.'" Id. (quoting *Martin*, 546 U.S. at 141). "For example, a court might find that 'a plaintiff's delay in seeking remand[10] or failure to disclose facts necessary to determine jurisdiction' undermines the rationale that supports fee awards." Id. (quoting *Martin*, 546 U.S. at 141).[11]

"We therefore apply a two-step test to review the award of attorney's fees under § 1447(c)." *A Forever Recovery, Inc. v. Township of Pennfield*, 606 F. App'x 279, 281

---

[8] Case No. 1:23-cv-246 (Doc. 20 PAGEID 854); Case No. 1:23-cv-247 (Doc. 20 PAGEID 844); Case No. 1:23-cv-248 (Doc. 18 PAGEID 575); Case No. 1:23-cv-249 (Doc. 17 PAGEID 633); Case No. 1:23-cv-250 (Doc. 18 PAGEID 648).

[9] "Although § 1447(c) expressly permits an award of attorney's fees, it provides little guidance on when such fees are warranted." *Martin*, 546 U.S. at 134. "We hold that, **absent unusual circumstances**, attorney's fees should not be awarded when the removing party has an **objectively reasonable basis** for removal." Id. at 136 (emphasis added).

[10] Relevant here, CFC's Motions to Remand were timely filed. *See* Case No. 1:23-cv-246 (Doc. 18 PAGEID 845); Case No. 1:23-cv-247 (Doc. 18 PAGEID 835); Case No. 1:23-cv-248 (Doc. 16 PAGEID 566); Case No. 1:23-cv-249 (Doc. 15 PAGEID 624); Case No. 1:23-cv-250 (Doc. 16 PAGEID 639).

[11] "In sum, "*Martin* makes clear that a district court's discretion to award or deny fees under § 1447(c) involves more than an on-off switch that is solely dependent on the objective reasonableness of the removal decision." Id. at 1060 (citing *Martin*, 546 U.S. at 141)).

(6th Cir. 2015).  "First, we consider whether [the defendant] had an objectively reasonable basis to remove the case.  Second, we consider whether an 'unusual circumstance' justifie[s] departing from the objectively-reasonable-basis rule."  Id.

The Court finds that each of these five Defendants lacked an objectively reasonable basis for seeking removal.  They filed no memoranda in opposition to Plaintiff's Motions to Remand and the issue did not require a complex analysis on the part of the Magistrate Judge.  Simply put, these cases present no "close question."  *Castanon v. United Parcel Serv., Inc.*, 624 F. Supp. 3d 846, 856 (E.D. Mich. 2022) (quoting *Martin*, 546 U.S. at 141[12]) (awarding attorney's fees).[13]  Thus, Plaintiff is presumptively entitled to "just" costs and expenses, to include attorney's fees, under § 1447(c).

The Magistrate Judge recommends against a fee award, however, citing the fact that the five Defendants "ostensibly" proceed pro se and are "of limited financial means."[14]  Moreover, "[t]he possibility that counsel [volunteer lawyer Felix Vinluan, Esq. of Felix Vinluan P.C.] and not the pro se Defendant[s] actually authored the improper Notice[s] of Removal adds an extra measure of difficulty to the determination of whether an award of fees is appropriate."[15]  Plaintiff objects, arguing the Defendants' "purported and

---

[12] "The District Court denied the Martins' request for attorney's fees because Franklin had an objectively reasonable basis for removing this case to federal court.  **The Court of Appeals considered it a 'close question,' but agreed that the grounds for removal were reasonable.**  Because the Martins do not dispute the reasonableness of Franklin's removal arguments, we need not review the lower courts' decision on this point.  The judgment of the Court of Appeals is therefore affirmed."  *Martin*, 546 U.S. at 141 (citation omitted) (emphasis added).

[13] Indeed, Defendants do not cite "even an inkling of law" in support of removal.  *Castanon*, 624 F. Supp. 3d at 857.

[14] Case No. 1:23-cv-246 (Doc. 18 PAGEID 848); Case No. 1:23-cv-247 (Doc. 18 PAGEID 838); Case No. 1:23-cv-248 (Doc. 16 PAGEID 569); Case No. 1:23-cv-249 (Doc. 15 PAGEID 627); Case No. 1:23-cv-250 (Doc. 16 PAGEID 642).

[15] Case No. 1:23-cv-246 (Doc. 18 PAGEID 848); Case No. 1:23-cv-247 (Doc. 18 PAGEID 838); Case No. 1:23-cv-248 (Doc. 16 PAGEID 569); Case No. 1:23-cv-249 (Doc. 15 PAGEID 627); Case No. 1:23-cv-250

unsubstantiated claims of 'pro se' status and 'limited financial means' are [not] grounds for denying fees under § 1447(c)[.]"[16]

When a court exercises its discretion to not award fees, "its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Martin*, 546 U.S. at 141 (quotations and citations omitted).  As Chief Justice Roberts explains:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. **The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party**, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. at 140 (emphasis added).  CFC filed suit in state court against all five Defendants on October 25, 2022; they removed on May 1, 2023, more than six months later.  "Instead of closing discovery and preparing for a trial this fall as the parties were set to do in the state court, CFC spent the last two (2) months briefing its motion to remand along with a litany of other related motions Defendant[s] filed following removal—all of which were meritless, halted discovery and improperly delayed CFC's ability to prosecute its claims on the merits."[17]  This scenario fits squarely within the overall design and purpose of

---

(Doc. 16 PAGEID 642).

[16] Case No. 1:23-cv-246 (Doc. 20 PAGEID 855); Case No. 1:23-cv-247 (Doc. 20 PAGEID 845); Case No. 1:23-cv-248 (Doc. 18 PAGEID 576); Case No. 1:23-cv-249 (Doc. 17 PAGEID 634); Case No. 1:23-cv-250 (Doc. 18 PAGEID 649).

[17] Case No. 1:23-cv-246 (Doc. 20 PAGEID 855); Case No. 1:23-cv-247 (Doc. 20 PAGEID 845); Case No. 1:23-cv-248 (Doc. 18 PAGEID 576); Case No. 1:23-cv-249 (Doc. 17 PAGEID 634); Case No. 1:23-cv-250 (Doc. 18 PAGEID 649).

§ 1447(c). To exercise discretion based on Defendants' ostensible pro se status does not. See *Martin*, 546 U.S. at 141 (citing *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 196 n.8 (1995) ("We do note that, as is always the case when an issue is committed to judicial discretion, the judge's decision must be supported by a circumstance that has relevance to the issue at hand.") (citation omitted)).

The undersigned shares the Magistrate Judge's well-founded concern that Mr. Vinluan is "ghostwriting" for these five Defendants and "may have been the driving force behind the improper Notice[s] of Removal."[18] If true, the Court encourages Defendants to explore whether they have recourse against him as to the forthcoming award of fees.

**Conclusion.** The Court **ACCEPTS and ADOPTS in part** the July 10, 2023 R&R of the Magistrate Judge[19]. Consistent with the recommendation by the Magistrate Judge, Plaintiff's Motions to Remand[20] are **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the Court **ORDERS** the Clerk to **REMAND** these cases to the court from which they were removed, the Hamilton County (Ohio) Court of Common Pleas. The Court, however, **SUSTAINS** Plaintiff's objection[21] with regard to an award of fees. Plaintiff's application for a reasonable attorney's fee[22] (and costs, if any) shall be filed within seven calendar

---

[18] Case No. 1:23-cv-246 (Doc. 18 PAGEID 849–50); Case No. 1:23-cv-247 (Doc. 18 PAGEID 839–40); Case No. 1:23-cv-248 (Doc. 16 PAGEID 570–71); Case No. 1:23-cv-249 (Doc. 15 PAGEID 628–29); Case No. 1:23-cv-250 (Doc. 16 PAGEID 643–44).

[19] Case No. 1:23-cv-246 (Doc. 18); Case No. 1:23-cv-247 (Doc. 18); Case No. 1:23-cv-248 (Doc. 16); Case No. 1:23-cv-249 (Doc. 15); Case No. 1:23-cv-250 (Doc. 16).

[20] Case No. 1:23-cv-246 (Doc. 14); Case No. 1:23-cv-247 (Doc. 14); Case No. 1:23-cv-248 (Doc. 14); Case No. 1:23-cv-249 (Doc. 13); Case No. 1:23-cv-250 (Doc. 14).

[21] Case No. 1:23-cv-246 (Doc. 20); Case No. 1:23-cv-247 (Doc. 20); Case No. 1:23-cv-248 (Doc. 18); Case No. 1:23-cv-249 (Doc. 17); Case No. 1:23-cv-250 (Doc. 18).

[22] Hourly rates should be calculated according to "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "relevant community" for purposes of determining the "prevailing market rates" is the "legal community within that court's territorial jurisdiction." *Adcock-Ladd v.*

days after this Order is docketed.[23]  The Court will issue one award that will be spread among and between these five Defendants.

    **IT IS SO ORDERED.**

                                                        /s/ *Michael R. Barrett*
                                                      Michael R. Barrett, Judge
                                                      United States District Court

---

*Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).  *See Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 630 (6th Cir. 2020) ("This circuit uses the 'community market rule' to calculate a reasonable billing rate.") (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)).

    Judges in the Southern District of Ohio often refer to the Rubin Committee rates and apply a 4% annual cost-of-living allowance to measure their reasonableness.  *Ball v. Kasich*, No. 2:16-cv-282, 2020 WL 3050241, at *2 (S.D. Ohio June 8, 2020); *Doe v. Ohio*, No. 2:91-cv-00464, 2020 WL 728276, at *10 (S.D. Ohio Feb. 12, 2020); *Gibson v. Forest Hills School Dist. Bd. of Educ.*, No. 1:11-cv-329, 2014 WL 3530708, at *6 (S.D. Ohio July 15, 2014); *Hunter v. Hamilton Cty. Bd. of Elections*, No. 1:10-cv-820, 2013 WL 5467751, at *17 (S.D. Ohio Sept. 30, 2013); *Georgia-Pacific LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 192 (S.D. Ohio 2010) (citing *West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 657 F. Supp. 2d 914, 932 n.4 (S.D. Ohio 2009)).  The Rubin Committee rates are "a list of pre-calculated billing rates tiered by years of experience" to determine a reasonable rate for the area.  *Linneman*, 970 F.3d at 630.

[23] This Court retains jurisdiction over these cases solely for the purpose of ruling on Plaintiff's application.  *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) ("[A] district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order.").